## EPHRAIM D. WETHERBEE *vs.* DAVID BENNETT.

An action lies on the covenant against incumbrances in a deed, for injury sustained by reason of the existence of a right of way over the granted premises, although the incumbrance was extinguished without expense to the grantee before the action was brought.

In an action on the covenant against incumbrances in a deed for injury sustained by reason of the existence of a right of way, the true measure of damages is a just compensation for the injury resulting from the incumbrance; but the defendant has no ground of exception if the judge states the measure of damages to be " the real injury resulting to the estate in its market value from the incumbrance."

If land which has been conveyed with a covenant against incumbrances is subject to a right of way, the opinion of experts is admissible in an action for the breach, to prove the difference occasioned by the incumbrance in the market value of the land.

CONTRACT for breach of a covenant against incumbrances in a deed of land. At the trial in the superior court, before *Morton*, J., the jury returned a verdict for the plaintiff, with $500 damages, and the defendant alleged exceptions. The facts and rulings which were excepted to appear in the opinion.

*T. L. Nelson*, for the defendant. There was no evidence that

the plaintiff purchased for the purpose of a resale, or ever had an intention to sell the land, or lost an opportunity to sell it by reason of the incumbrance. The diminished market value of land is simply its diminished value for the purpose of a sale. The true rule of damages, if substantial damages were recoverable, is stated in *Harlow* v. *Thomas*, 15 Pick. 66. *Batchelder* v. *Sturgis*, 3 Cush. 201. But the damages should have been merely nominal. The plaintiff was never disturbed in the enjoyment of his estate by any user of the way; he sustained no injury in the sale; the incumbrance was extinguished without expense to him; and no special damage was shown : his injury therefore was not appreciable. *Tufts* v. *Adams*, 8 Pick. 547. *Prescott* v. *Trueman*, 4 Mass. 627. *Copeland* v. *Copeland*, 30 Maine, 446. The evidence of experts as to the amount of injury was incompetent. *Batchelder* v. *Sturgis, ubi supra.*

*P. C. Bacon*, for the plaintiff.

Hoar, J. These exceptions cannot be sustained. The action is upon the breach of a covenant against incumbrances in a conveyance of land. The incumbrance was a right of way over the land, which subsisted at the time of the conveyance and for some time after. The defendant contended that the evidence showed that the plaintiff had never been disturbed in the enjoyment of his estate by any user of the way, and that the right of way had been extinguished without expense; and asked that the jury should be instructed to return a verdict for nominal damages only; but the judge declined to give these instructions. It does not follow from these facts that no actual damages had been sustained. While the right of way lasted, the plaintiff was precluded from using the part of the land covered by the way as fully as he otherwise might have done. He could not set a tree, or a post, or a building upon it; or enclose or cultivate it; or sell or lease it to any person to whom such an incumbrance would be objectionable. It was an apparently permanent subtraction from the substance of the estate.

The defendant then contended that the measure of damages was a just compensation to the plaintiff for the real injury resulting from the incumbrance. This was the correct rule, as

was held by this court in *Harlow* v. *Thomas*, 15 Pick. 66, and in *Batchelder* v. *Sturgis*, 3 Cush. 201. And this rule was adopted by the judge, with the qualification that it must be "the real injury resulting to the estate in its market value from the incumbrance." We do not think this qualification made the instruction erroneous. The jury were not confined by it to the value of the estate merely for the purposes of immediate sale, but rather were directed to exclude from their consideration any special purposes or uses peculiar to the owner for the time being, which had not formed the basis of the contract when · he purchased it. The market value is substantially the value to owners of such property generally, for all the purposes of ownership.

In *Batchelder* v. *Sturgis*, it was held that evidence was inadmissible that the purchase was made with a particular view to a resale, and that the opinion of experts of the effect of the incumbrance upon a sale could not be given to the jury. In that case, the incumbrance was a lease, and it was considered that an opinion upon the effect of a lease upon a sale would be in its nature imaginary and conjectural, and therefore of no value. But in the case at bar the plaintiff was not allowed to show that he purchased the estate for the purpose of selling it again; and the incumbrance being an easement, which impaired the permanent value of the estate for all purposes and uses, the opinion of skilled witnesses as to the difference in market value occasioned by the incumbrance was rightly admitted. The fact that an estate can be sold is one of its elements of value, and is not to be excluded from consideration; though it is not to be considered as a reason for enhancing damages that the purchaser acquired it for the special purpose of selling it again directly.

*Exceptions overruled.*